STURGIS, Judge
(concurring specially).
This interlocutory appeal tests the denial by the trial court of defendant-appellant’s motion to quash the purported service of process upon it in this state on the ground that the circuit court lacks jurisdiction of said defendant, a foreign corporation.
The case law interpreting and applying statutes similar to Sections 47.16-47.171, Florida Statutes, F.S.A., providing for substituted service of process, appears to jell on only two general propositions: First, that the question of whether substituted process is available depends in each case on the facts peculiar to it; second, that the general trend of the decisions is to liberally construe such statutes to the end that jurisdiction of the person be made available, especially with respect to corporate parties. It is only because of the latter development that I am persuaded the order appealed should be sustained.
Implicit in the order appealed is a conclusion, based on the evidence before the trial judge, that appellant did in fact engage in a substantial business or economic activity in this state incident to the transaction involved by this suit, and that such activity was sufficient to warrant substituted service of process upon it as employed herein. The proofs supporting that conclusion are somewhat meager, but it cannot be said that the trial judge exceeded his authority or abused his discretion in holding as he did with respect to the corporate appellant’s motion.
It is the purpose of this special concurrence to negate any conclusion that the author by concurring herein would be inclined to accept such proofs as adequate in a proceeding involving the rights of a natural person.